**YANLIN FENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 06–3400–ag.

United States Court of Appeals,
Second Circuit.

June 8, 2007.

Gang Zhou, New York, NY, for Petitioner.

Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina, Thomas Cullen, Assistant United States Attorney, Charlotte, NC, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yanlin Feng, a native and citizen of the People's Republic of China, seeks review of a June 22, 2006 order of the BIA affirming the April 22, 2005 decision of Immigration Judge ("IJ") Noel Ferris, denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanlin Feng*, No. A79–793–316 (B.I.A. June 22, 2006), *aff'g* No. A79–793–316 (Immig. Ct. N.Y. City April 22, 2005).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005).

### I. Feng's Argument Concerning her Language Abilities and Relevant Health Issues

█ As a preliminary matter, Feng argues that the IJ's adverse credibility finding is flawed because the IJ failed to take into consideration Feng's inability to speak the Foo Chow dialect "very well," and further failed to consider her "apparent memory problem." These arguments are unavailing. Feng has presented no specific evidence of how her alleged inability to speak Foo Chow fluently prejudiced her case. Furthermore, the IJ did not err in assuming that Feng's inability to recall portions of her asylum claim did not rise to the level of mental incompetence as contemplated by the asylum regulations. *See* 8 C.F.R. § 1240.4; *see also Nelson v. INS*, 232 F.3d 258, 262 (1st Cir.2000) (finding that alien's "health-related complaints do not rise to the level of mental incompetence contemplated" by the regulation). Under these circumstances, the IJ did not err in relying on Feng's testimony in reaching her adverse credibility finding.

### II. Asylum and Withholding of Removal

Because the IJ's adverse credibility finding is supported by substantial evidence in the record, we deny the petition for review as to Feng's asylum and withholding of removal claims. We see no reason not to afford our customary level of deference to the IJ's determination that Feng's demeanor during the hearing diminished the credibility of her testimony, particularly because Feng's testimony appears inconsistent and unresponsive on a number of points throughout the transcript. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also properly gave diminished weight to the documents Feng submitted into evidence, and relied on those docu-

ments as support for her adverse credibility finding. The Department of State's forensic report—indicating that the national identification card Feng submitted into evidence was "counterfeit"—provides substantial evidence to support the IJ's adverse credibility determination. *See Matter of O–D–*, 21 I. & N. Dec. 1079, 1083 (BIA 1998); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007). Furthermore, due to significant inconsistencies between the medical record in evidence and Feng's testimony, the IJ reasonably determined that the medical record further undermined Feng's credibility. Additionally, the IJ properly determined that, in light of the significant problems in Feng's testimony, the corroborating letters from Feng's father, her fiancee, and her aunt, were insufficient to rehabilitate the incredible aspects of Feng's testimony. *See, e.g., Zhou Yun Zhang*, 386 F.3d at 78.

Additionally, the IJ's adverse credibility finding was also supported by inconsistencies in Feng's testimony regarding: (1) the year her abortion occurred; (2) whether she had contact with the Chinese government after her abortion; and (3) whether she was taken for an abortion two months or two days after her pregnancy was confirmed. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Furthermore, the IJ reasonably chose not to credit Feng's explanations regarding: (1) whether she had any proof of her abortion; and (2) whether she had been threatened with an IUD or sterilization. *See, e.g., Majidi*, 430 F.3d at 80–81.

Despite any potential remaining errors in the IJ's analysis, remand for reconsideration of Feng's asylum claim is not necessary because the evidence in the record supporting the remaining portions of the IJ's adverse credibility determination makes it clear that the same decision is inevitable on remand. *Li Hua Lin v. U.S.*

*Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006).

Because the only evidence of a threat to Feng's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

### III. *CAT Relief*

Finally, because Feng failed to raise her CAT claim to either the BIA or this Court, that claim should be deemed abandoned. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

### IV. *Frivolousness Finding*

■ Since the time the IJ found Feng's application for asylum and withholding of removal to be frivolous, the BIA has explained more concretely the standard for such a finding in *In re Y–L–*, 24 I. & N. Dec. 151 (B.I.A.2007). As such, we grant the petition for review in this limited respect, and we remand to the BIA so that it may apply the standard articulated in *In re Y–L–* to determine if Feng pursued a frivolous application for asylum and withholding of removal.

Accordingly, Feng's petition for review is DENIED in part, and GRANTED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).